**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **EMMA LITTLEJOHN,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | * |
| | *   **Civil No. PJM-07-916** |
| **UNITED STATES DEPARTMENT OF** | * |
| **VETERANS AFFAIRS,** | * |
| | * |
| **Defendant.** | * |

**MEMORANDUM OPINION**

*Pro se* claimant Emma Littlejohn ("Emma")[1] has filed a Customer's Motion to Challenge Government's Access to Financial Records ("Motion to Quash"), wherein she asks the Court, pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410, *et seq.* ("Privacy Act"), to issue an order denying the Government access to her financial records. No hearing is necessary to dispose of this matter. *See* Local R. 105.6 (D. Md. 1999). For the following reasons, the Court DENIES Emma's Motion to Quash.

**I.**

The relevant facts are these:

Emma is the mother of Jermaine Littlejohn ("Jermaine"). Jermaine is a veteran of the United States Armed Forces. As a result of brain injuries he incurred while on active duty, Jermaine receives monthly disability benefits in the amount of $3,325 from the Department of Veterans Affairs ("VA"). Upon finding Jermaine incompetent to manage his own funds, the VA appointed Emma, to serve as his legal custodian. Pursuant to a signed agreement, Emma is

---

[1] The Court intends no disrespect to Plaintiff and her son by referring to them by their first names, but has chosen to do so to distinguish them from one another since they bear the same surname.

-2-

legally bound to use all money received from the VA solely for Jermaine's benefit. The agreement also mandates that she file an annual accounting of Jermaine's finances.

In late 2005, an anonymous complainant twice contacted the VA, alleging that Emma was misusing Jermaine's funds. Specifically, the complainant claimed that Emma was using Jermaine's funds for her own purposes, including a personal gambling habit, an allegation which Emma denies. As a result of these complaints, the VA launched a criminal investigation into the use of Jermaine's disability benefits. In March 2007, as part of the criminal investigation, the VA propounded a subpoena on SunTrust Bank in order to obtain copies of all monthly statements for a bank account jointly held by Emma and Jermaine. Pursuant to the Privacy Act, the VA notified Emma and Jermaine of the pending subpoena and provided them with procedures for challenging the subpoena in federal court.

On April 10, 2007, Emma filed the instant Motion to Quash, wherein she maintains that she has not used Jermaine's funds for improper purposes.[2] On August 13, 2007, the Court ordered the Government to respond to Emma's Motion. On August 15, 2007, the Government filed its response, asking the Court to deny Emma's Motion.

**II.**

Under the Privacy Act, an individual whose bank records have been subpoenaed by the Government may, within 10 days of service of the subpoena, or within 14 days of the mailing of the subpoena, file a motion to quash the subpoena in the appropriate United States District Court. 12 U.S.C. § 3410(a). The individual's challenge papers must include a sworn statement asserting, with some factual specificity, the "reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government

---

[2] Jermaine also filed a Motion to Quash on April 10, 2007, which the Court denied on August 13, 2007.

Case 8:07-cv-00916-PJM   Document 5   Filed 08/20/07   Page 3 of 4

authority in its notice, or that there has not been substantial compliance with the provisions of [the Privacy Act]." 12 U.S.C. § 3410(a)(2). The Court shall reject the individual's challenge and order the enforcement of the subpoena upon finding that there is: (1) a demonstrable reason to believe that the law enforcement inquiry is legitimate, (2) a reasonable belief that the records sought are relevant to the law enforcement inquiry, and (3) substantial compliance with the provisions of the Privacy Act. *See* 12 U.S.C. § 3410(c). Alternatively, if the Court finds that the Government has not met its burden, or that there has not been "substantial compliance" with the Privacy Act, the Court shall quash the subpoena. *See id.*

An individual's ability to challenge a subpoena under the Privacy Act is cabined by the statute's strict procedural requirements. *See SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984). Moreover, because the Privacy Act was drafted in such a way as to minimize any delay in the Government's investigation, an individual wishing to challenge a subpoena "must assert his claim within a short period of time." *Id.* Accordingly, the failure to file a motion to quash within the statutory time period defeats a district court's subject matter jurisdiction to hear the challenge. *See Siegfried v. Inspector Gen. of the USDA*, 163 F. Supp. 2d 170, 173 (E.D.N.Y. 2001) (internal citation omitted) ("if a motion to quash is not timely filed . . . a district court does not have subject matter jurisdiction to hear the challenge"); *Turner v. United States*, 881 F. Supp. 449, 451 (D. Haw. 1995) ("[T]he Government's waiver of its sovereign immunity is conditioned on the timely filing of the motion to quash").

### III.

The Government argues that the Court should dismiss Emma's Motion to Quash because she failed to file in advance of the statutory deadline. The Court agrees.

As noted *supra*, an individual wishing to challenge a subpoena under the Privacy Act must file a motion to quash within 10 days of service of the subpoena, or within 14 days of the mailing of the subpoena. 12 U.S.C. § 3410(a). In the present case, the evidence before the Court indicates that the Government mailed separate subpoena notifications—each of which included a copy of the subpoena—to Jermaine and Emma on March 19, 2007. Thus, 14 calendar days from the date of the mailing of the subpoena notifications elapsed on April 2, 2007. However, Emma did not file the instant Motion until April 10, 2007, a full eight days beyond the statutory deadline.[3]

The Court thus finds that Emma's Motion to Quash was not timely filed, and that the Court therefore does not have subject matter jurisdiction to consider her challenge.

**IV.**

For the foregoing reasons, the Court DENIES Emma's Motion to Quash.

A separate order will ISSUE.

August 20, 2007

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[3] Emma received her copy of the subpoena notification on March 24, 2007, as evidenced by a certified mail receipt which she signed on that date, a full 17 days before she filed her Motion to Quash.